UNITED STATES DISTRICT
COURT DISTRICT OF COLORADO

CASE:

CARLOS BRITO,

       Plaintiff,

v.

MACY'S WEST STORES, INC.,
a Foreign Limited Liability Company a/k/a
MACYS CALIFORNIA INC,

       Defendant.

_____/

## **COMPLAINT**

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, MACY'S WEST STORES, INC. (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1.     This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.     The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.     Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, residing and domiciled in El Paso County, Colorado, and is otherwise *sui juris.*

5.      At all times material, Defendant, MACY'S WEST STORES, INC., was and is a Foreign Corporation, with a principal office street address listed as 7 West Seventh Street, Cincinnati, Ohio and a place of business in Colorado Springs, Colorado.

6.      At all times material, Defendant, MACY'S WEST STORES, INC., owned and operated a retail shopping location at 1750 Briargate Boulevard, Colorado Springs, Colorado (hereinafter the "Commercial Property").

7.      Venue is properly located in the District of Colorado because Defendant's Commercial Property is located in Colorado Springs, Colorado, Defendant regularly conducts business within Colorado Springs, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Colorado Springs, Colorado.

<u>FACTUAL ALLEGATIONS</u>

8.      Although over twenty-seven (27) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

9.      Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.   In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property and the businesses therein, including the retail shopping store.

10.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

11.     Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand.   Plaintiff requires

2

the use of a wheelchair to ambulate.

12.     Defendant, MACY'S WEST STORES, INC., owns, operates and oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and oversees said Commercial Property located in Colorado Springs, Colorado, that is the subject of this Action.

13.     The subject Commercial Property is open to the public and is located in Colorado Springs, Colorado.   The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or about June 5, 2019 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property.   He plans to return to and often visits the Commercial Property and the business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the businesses therein, if the property/businesses become accessible.

14.     Plaintiff visited the Commercial Property as a patron/customer, regularly visits the Commercial Property and business within the Commercial Property as a patron/customer, and intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property.   Plaintiff is domiciled nearby in the same state as the Commercial Property, has regularly frequented the Defendant's Commercial Property and business located within the Commercial Property for the intended purposes, and intends to return to the property within four (4) months' time of the filing of this Complaint.

15.     The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

16.     The Plaintiff, CARLOS BRITO, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein.   The barriers to access at Defendant's Commercial Property and businesses within the Commercial Property have

3

each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety.   The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

17.       Defendant, MACY'S WEST STORES, INC., owns/or and operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.   Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, MACY'S WEST STORES, INC., owns and operates is the Commercial Property business located at 1750 Briargate Boulevard, Colorado Springs, Colorado.

18.       Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and business therein, but not necessarily limited to the allegations in Paragraph 20 of this Complaint.   Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located within the Commercial Property, not only to avail himself of the goods and services available at this Commercial Property and business therein, but to assure himself that the property and businesses therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and businesses therein without fear of discrimination.

19.       Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

20.       Defendant has discriminated, and continue to discriminate, against Plaintiff in

violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property and other businesses within the Commercial Property, include, but are not limited to, the following:

**<u>Common Areas</u>**

    A. <u>Parking</u>

i. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff had difficulty accessing the facility, as there are designated accessible parking spaces located too far from an accessible route to the facility. Violation: Some of the accessible parking spaces are not located on the shortest route to an accessible entrance, violating Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. There are accessible parking spaces that do not provide signs designating them as accessible, violating Section 4.6.4 of the ADAAG and Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

    B. <u>Entrance Access and Path of Travel</u>

i.   The Plaintiff could not navigate the curb ramps without assistance, as there are curb ramps at the facility that contain excessive flared side slopes, violating Section 4.7.5 of the ADAAG and Section 406.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The Plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   The Plaintiff had difficulty opening the entrance door without assistance due to the automatic door opener not functioning. Violation: Elements that are required to be accessible are not usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

vii.   The Plaintiff could not traverse through areas of the store, as the required 36" path isn't provided due to objects that obstruct the path of travel. Violation: There isn't a continuous path

of travel connecting all essential elements of the store, in violation of Sections 4.2.1 & 4.3.3 of the ADAAG, 28 CFR 36.211, and Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.   There are protruding objects on the path of travel at the facility that present a hazard of colliding with them, violating Section 4.4.2 of ADAAG and Section 307.4 of the 2010 ADA Standards, whose resolution is readily achievable.

C. Access to Goods and Services

i.   There are drinking fountains that don't provide access to those who have difficulty bending or stooping. Violation: There are drinking fountains that are in violation of Section 4.1.3(10) of the ADAAG and Sections 211.2 & 602.7 of the 2010 ADA Standards, whose resolution is readily achievable.

D. Public Restrooms

i.   The Plaintiff could not use the lavatory outside the accessible toilet compartment without assistance, as the required knee and toe clearance is not provided. Violation: There are lavatories outside the accessible toilet compartment that don't provide the required clearances violating Section 4.19.2 & Figure 31 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section

4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.    The Plaintiff could not use the toilet seat cover dispenser without assistance as it is mounted at a location where the clear floor space to access it is not provided. Violation: The clear floor space provided at elements in the restroom violates the provisions of Sections 4.2.4 and 4.27.2 of the ADAAG and Section 305.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.    The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.    The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.    The Plaintiff could not use the baby changing table without assistance as the handle was mounted too high. Violation: There are elements provided for public use in the restroom, with controls or operating mechanisms outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.    The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

21.    The discriminatory violations described in Paragraph 20 are not an exclusive list

of the Defendant's ADA violations.   Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS BRITO, from further ingress, use, and equal enjoyment of the Commercial Property and other businesses therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

22.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property and other businesses within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

23.     Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.   Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual

9

with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

24.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.   Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.   Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

25.     While Defendant, MACY'S WEST STORES, INC., as landlord and owner of the Commercial Property Business, is primarily responsible for all ADA violations listed in this Complaint, tenants and landlords can be held is jointly and severally liable for ADA violations.

26.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

27.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

28.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates its businesses, located within the Commercial Property located at1750 Briargate Boulevard, Colorado Springs, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and businesses to make those facilities readily accessible and useable to the Plaintiff and

all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 7, 2019

GARCIA-MENOCAL & PEREZ, P.L.
*Attorneys for Plaintiff*
1600 Broadway, Suite 1600
Denver, CO   80202
Telephone:   (720) 996-3500
Facsimile:   (720) 381-0515
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mail: aquezada@lawgmp.com
bvirues@lawgmp.com; ddun@lawgmp.com;

By:   _____*/s/ Anthony J. Perez*_____
     ANTHONY J. PEREZ